CORLISS et al. v. E. W. WALKER CO. et al.

(Circuit Court, D. Massachusetts. August 1, 1893.)

No. 3,152.

1. INJUNCTION—PUBLICATION OF BIOGRAPHY—PUBLIC CHARACTERS.
    A person who holds himself out as an inventor, and whose reputation as such becomes world-wide, is a public character, and the publication of his biography cannot be restrained by injunction. Schuyler v. Curtis, (Sup.) 15 N. Y. Supp. 787, distinguished.

2. SAME—PUBLICATION OF BIOGRAPHY.
    A court of equity has no jurisdiction of a suit to restrain respondents from publishing a biography of complainant, or of a member of complainant's family.

3. SAME—PUBLICATION OF PICTURE—BREACH OF CONDITIONS.
    A court of equity should restrain by injunction the publication of a picture of a deceased member of complainant's family, taken from a photograph and portrait of deceased, where respondent has not observed the conditions on which the portrait and photograph were obtained.

In Equity. Bill by Emily A. Corliss and others against the E. W. Walker Company and others to restrain respondents from publishing a biography and selling a picture of George H. Corliss.

Henry Marsh, Jr., and James M. Ripley, for complainants.
Henry W. Fales, for defendants.

COLT, Circuit Judge. This suit is brought by the widow and children of George H. Corliss to enjoin the defendants from publishing and selling a biographical sketch of Mr. Corliss, and from printing and selling his picture in connection therewith. The bill does not allege that the publication contains anything scandalous, libelous, or false, or that it affects any right of property, but the relief prayed

for is put upon the novel ground that such publication is an injury to the feelings of the plaintiffs, and against their express prohibition.

The counsel for plaintiffs, in argument, put the case upon the ground that Mr. Corliss was a private character, and that the publication of his life is an invasion of the right of privacy, which a court of equity should protect. In the first place, I cannot assent to the proposition that Mr. Corliss was a private character. He held himself out to the public as an inventor, and his reputation became world-wide. He was a public man, in the same sense as authors or artists are public men. It would be a remarkable exception to the liberty of the press if the lives of great inventors could not be given to the public without their own consent while living, or the approval of their family when dead. But whether Mr. Corliss is to be regarded as a private or public character (a distinction often difficult to define) is not important in this case. Freedom of speech and of the press is secured by the constitution of the United States and the constitutions of most of the states. This constitutional privilege implies a right to freely utter and publish whatever the citizen may please, and to be protected from any responsibility for so doing, except so far as such publication, by reason of its blasphemy, obscenity, or scandalous character, may be a public offense, or, by its falsehood and malice, may injuriously affect the standing, reputation, or pecuniary interests of individuals. Cooley, Const. Lim. (6th Ed.) 518. In other words, under our laws, one can speak and publish what he desires, provided he commits no offense against public morals or private reputation. Schuyler v. Curtis, 15 N. Y. Supp. 787, recently decided by the New York supreme court, and upon which the plaintiffs rely, is not in point. In that case the court enjoined the defendants from erecting a statue of Mrs. Schuyler. The right of publication was not in issue in that case.

There is another objection which meets us at the threshold of this case. The subject-matter of the jurisdiction of a court of equity is civil property, and injury to property, whether actual or prospective, is the foundation on which its jurisdiction rests. In re Sawyer, 124 U. S. 200, 210, 8 Sup. Ct. Rep. 482; Kerr, Inj. (2d Ed.) 1. It follows from this principle that a court of equity has no power to restrain a libelous publication. Boston Diatite Co. v. Florence Manuf'g Co., 114 Mass. 69; Brandreth v. Lance, 8 Paige, 24. The opinion of Vice Chancellor Malins in Dixon v. Holden, L. R. 7 Eq. 488, to the contrary, is disapproved by Lord Chancellor Cairns in Assurance Co. v. Knott, 10 Ch. App. 142. In Kidd v. Horry, 28 Fed. Rep. 773, Mr. Justice Bradley, in speaking of Dixon v. Holden, and several recent English cases, declares that they depend on certain acts of parliament, and not on the general principle of equity jurisprudence. But in the present bill it is not pretended that the publication is libelous, and therefore there can be no question as to the want of jurisdiction in this case.

As to the picture which accompanies the published sketch, the case stands on a different footing. The defendants obtained

from the plaintiffs a copy of a portrait and a photograph of Mr. Corliss, from which they have made two plates, one of which they propose to insert in the publication. But it appears from the evidence that these pictures were obtained on certain conditions, which the defendants have not complied with. This matter directly concerns the exclusive right of property which the plaintiffs have in the painting and photograph, and it would be a violation of confidence, or a breach of contract between the parties, to permit the defendants, under these circumstances, to use either of the plates. Pollard v. Photographic Co., 40 Ch. Div. 345; Prince Albert v. Strange, 1 Macn. & G. 25. The injunction is denied as to the publication, and granted as to the use of the plates.