FIRST NAT. BANK OF WALLA WALLA v. HUNGATE.

(Circuit Court, D. Washington, S. D. June 18, 1894.)

1. TAXATION OF NATIONAL BANK STOCK—COLLECTION FROM BANK.
    On an assessment of bank stock under 1 Hill's Code Wash. §§ 1038–1040, making banks agents for their respective shareholders, and authorizing the collection from each bank of taxes on its stock assessed against it as such agent, if the statute is not complied with by charging the bank on the assessment roll, and it is not even referred to by its proper corporate name in the assessments against its shareholders, the warrant to the collector confers no authority to seize the property of the bank for the purpose of enforcing payment of taxes charged against shareholders.

2. SAME—UNJUST DISCRIMINATION—RELIEF IN EQUITY.
    Failure to exhaust the means of redress afforded by the laws of Washington for equalization of assessments does not preclude a national bank from obtaining relief, in a federal court in the state, against the collection from it of taxes on its stock, on the ground of unjust discrimination in the valuation of such stock. Andrews v. King Co., 23 Pac. 409, 1 Wash. St. 46, followed.

3. SAME—TENDER OF TAX.
    Failure of such bank to make and keep good a tender of so much of the tax as was justly due does not bar such relief, where nothing is due from the bank, there being no assessment against it, and where the county officers have declared that they will not accept less than the whole amount levied.

This was a suit by the First National Bank of Walla Walla against H. H. Hungate, as treasurer of Walla Walla county, for an injunction to restrain the collection from complainant of taxes, for the year 1892, upon bank stock assessed against the individual shareholders of the complainant. Defendant demurred to complainant's amended bill.

B. L. & J. L. Sharpstein, for complainant.
Miles Poindexter, for defendant.

HANFORD, District Judge. The amended bill of complaint shows that for the year 1892 the assessor of Walla Walla county assessed the individual shareholders of the complaining bank separately for a certain number of shares of First National Bank stock, and unjustly discriminated against said shareholders by valuing their shares at 300 per cent. of the face value, which is considerably

above the actual cash value of said complainant's stock, while a large amount of other moneyed capital in the county owned by individual citizens of this state was intentionally omitted from the assessment roll, and permitted to entirely escape taxation. The bill also alleges that one of the shareholders applied at the proper time to the county board of equalization to reduce the assessment on his shares, and that the board refused to make any reduction, or in any manner correct the inequality of said assessment, and at the same time made a declaration of a general policy to refuse to change the assessments affecting bank stock, and to not accept any tender that might be made of less than the entire amount of tax levied thereon. After levy of the tax, the same shareholder tendered to the county treasurer 60 per cent. of the amount of the tax on his shares in full payment, which was refused. The tender has not been kept good by deposit, but in the bill the bank offers to pay such portion of the taxes levied as this court may adjudge legal and collectible from the bank.

The laws of this state in force at the time of said assessment made all banks therein agents for their respective shareholders, and authorized the collection from each bank of taxes upon its stock assessed against it as such agent. 1 Hill's Code, §§ 1038–1040. Compliance with the provisions of this statute is prerequisite to enforcement of obligations and the exercise of rights created thereby. The complainant is not charged upon the assessment roll as agent for its shareholders, nor charged at all for any tax upon its stock, nor even referred to by its proper corporate name in the assessments against its several shareholders; therefore the warrant to the tax collector confers no authority upon him to seize the property of the bank for the purpose of enforcing payment of taxes charged against the individual shareholders; and the law does not authorize the bank to pay said taxes, and charge the same against the shareholders.

Unjust discrimination in the valuation of national bank stock, as compared with the assessment of other moneyed capital in the hands of individual citizens of the state, is prohibited. Rev. St. U. S. § 5219. Shareholders of national bank stock have this statute as a guaranty that they cannot be taxed upon their stock heavier than other moneyed capital in the state; and, when appealed to in their behalf, the courts are bound to give effect to the law. If inequality is shown to the prejudice of shareholders, either the assessment must be declared to be entirely void, or at least the excess of the tax above the rate imposed upon other moneyed capital must be abated. People v. Weaver, 100 U. S. 539; Pelton v. Bank, 101 U. S. 143; Cummings v. Bank, Id. 153; Boyer v. Boyer, 113 U. S. 689, 5 Sup. Ct. 706; Puget Sound Nat. Bank v. King Co., 57 Fed. 433. A court of equity is the proper forum to grant relief; and an injunction is the proper remedy. Cummings v. Bank, supra.

Taxpayers against whom unjust discrimination has been attempted by county assessors in this state are not precluded from obtaining relief in a court of equity by failure to exhaust the means of redress afforded by the laws authorizing the county commission-

ers to equalize assessments. This point was involved in the case of Andrews v. King Co., 1 Wash. St. 46, 23 Pac. 409. In that case the lower court refused an injunction to a taxpayer who alleged that, by the method of assessing, the valuation of mortgages was relatively higher than the valuation placed upon other kinds of property, and held that a court should not be called upon to perform the labor of revising an entire assessment roll, and that the complainant, instead of delaying until after the tax roll had been made, and taxes levied and partly collected, should have applied to the board of county commissioners to equalize the assessments, and, if aggrieved by an erroneous decision of the board, he should have sought relief by an appeal to the court, under a statute then in force, authorizing an appeal from any order or decision of the county commissioners. The opinion of the supreme court shows that the question whether the plaintiff had another adequate remedy than the one invoked was considered. The lower court was reversed, and it was distinctly held that a general rule or method of assessing property for taxation, which operates to discriminate against and unduly burden any particular class of property, is unlawful in this state; that an assessment according to such rule or method is in fact fraudulent, and that an aggrieved party is entitled to an injunction to prevent the collection of a tax levied upon such unlawful and fraudulent assessment. The decision of the supreme court must therefore be understood as declaring that the law vesting in the board of county commissioners power to equalize assessments does not provide an exclusive remedy nor limit the power of a court of equity. According to that decision the plaintiff would be clearly entitled, by laws of this state, to the relief prayed for, if this suit had been brought in a court of the state, and the same remedy should be available.

Under the circumstances alleged in the amended bill, failure to make a legal tender, and keep it good, does not constitute a bar to relief in equity. The complainant is not called upon to make a tender, for the reason that it is not liable for any part of the tax, there being no assessment against the bank. Moreover, a tender of less than the whole tax levied would be useless. If the bank were legally liable for part of the tax, it would be excused from making a tender by the declaration of the board of county commissioners to not accept less than the whole amount levied, which is nothing less than a notice of a refusal to accept a tender.

The foregoing are my conclusions touching the several questions argued by counsel, and I am constrained thereby to overrule the demurrer.