Jenkins, J.
This is an action in which the plaintiff seeks an injunction restraining the defendant, keeper of a restaurant, from refusing to serve the plaintiff and other citizens solely on account of race and color.
The question to be determined on a demurrer filed to the petition is whether the equitable remedy of injunction will lie to prevent the threatened continuing violation of the *479 civil rights statutes, Sections 12940 and 12941, General Code.
Section 12940 provides a penalty for any proprietor of a place of public accommodation and amusement who denies to a citizen, except for reasons applicable alike to all citizens, and regardless of color or race, the full enjoyment of the accommodations and privileges of such place. Section 12941 provides that such violator shall pay not less than fifty dollars nor more than five hundred dollars to the person aggrieved to be recovered in any court of the county.
The petition alleges that for the threatened continuing violation of plaintiff’s rights there is no adequate remedy at law, in other words, that the foregoing statutory remedy is inadequate, and that a multiplicity of suits is sought to be avoided.
The rights sought to be protected by the remedy of injunction in this case are clearly personal rights, though it is claimed in argument that the prospective recoveries of damages under Section 129.41 constitute a property right of a pecuniary nature.
The question raised is a fundamental one. It challenges a consideration of the history, nature and jurisdiction of a court of equity and of the equitable remedy of injunction.
The ancient definition of equity jurisdiction is set out as follows in the recognized authority Bispham on Equity (8th Ed.), 58:
“Equity is concerned only with questions which affect property, and it exercises no jurisdiction in matters of wrongs to the person or to political rights, or because the act complained of is merely criminal or illegal.”
This doctrine is laid down by the Supreme Court of the United States:
“The office and jurisdiction of a court of equity, unless enlarged by express statute, are limited to the protection of rights of property. In re Sawyer, 124 U. S., 210.
“Something more than the threatened commission of an offense against the laws of the land is necessary to call into exercise the injunctive powers of the courts. There must be some interferences, actual or threatened, with property or rights of a pecuniary nature. In re Debs, 158 U. S., 593; Truax v. Reich, 239 U. S., 33, 37.”
*480 To the same effect the Federal courts generally:
“The jurisdiction of equity to grant injunctions is founded on the rights of property, and does not extend to a matter affecting an exclusively personal right. Corliss v. Walker, 57 Fed. 434; 64 Fed. 280.”
Of latter years this limitation of the jurisdiction of equity to the protection of purely property rights has been modified by some courts, wherein a tendency has developed to extend the jurisdiction to include personal rights, at least to some extent. Such courts have been reluctant to admit that equity had jurisdiction to enforce or protect merely personal rights and have usually discovered at least a nominal property right on which to base the granting of equitable relief. A few courts have openly repudiated the doctrine that only property rights will be protected, and have asserted the jurisdiction of a. court of equity to protect personal rights also. 14 A. L. R. 295, note.
For Ohio, the question has been put in the dissenting opinion of Judge Day in the case of Snedaker v. King, 111 O. S. 225, at page 247, where he asks:
“How far shall the jurisdiction of the court of equity be used to protect purely personal rights as well as property rights, or those rights that border closely upon property rights yet are really of a personal character?”
The learned judge argued that, when damages may be recovered by a spouse for an invasion by a third party of the personal right of consortium of the other spouse, he saw no reason why equity may not enjoin, when the legal remedy fails due to the money action for damages being inadequate. However, the Supreme Court of Ohio, by a majority decision, held that such extension of the jurisdiction of equity was not warranted,, that it constituted an extreme instance of government by injunction.
If the juifisdiction of equity by injunction is to be extended by judicial construction over personal rights such as are involved in the instant case it must be by action of the state Supreme Court overruling the holding above cited. Until then such decision of the highest court in this state on the principle involved here is binding on this trial court and the demurrer therefore must be and is sustained and the petition dismissed with exceptions.