**ELMHURST v. PEARSON et al.**
No. 8986.

United States Court of Appeals
District of Columbia.

Argued Dec. 11, 1945.

Decided Feb. 11, 1946.

Mr. James J. Laughlin, of Washington, D. C., for appellant.

Mr. Nicholas J. Chase, of Washington, D. C., for appellees Pearson, Blue Network and Radio Station WMAL.

Mr. Philip R. Miller, Special Attorney, Department of Justice, of Washington, D. C., for appellee Rogge.

Before GRONER, Chief Justice, and WILBUR K. MILLER and PRETTYMAN, Associate Justices.

WILBUR K. MILLER, Associate Justice.

For seven months during the year 1944 several persons were on trial in the District Court of the United States for the District of Columbia on the criminal charge of conspiring to undermine the morale of the armed forces of the United States. The proceeding, which came to be known as the sedition case, received nationwide notoriety through the press and over the radio networks. The appellant, Ernest F. Elmhurst, was one of the defendants in that case and for a time during the trial he worked as a waiter and bartender at the Shoreham Hotel during certain periods when he could be absent from the court room.

The appellee, Pearson, is a newspaper columnist and radio news commentator. On the night of July 30, 1944, in a radio broadcast from Washington over Station WMAL and the Blue Network, he said, "I can now reveal to you that Ernest F. Elmhurst, a defendant in the sedition case, is working as a bartender and waiter at the Shoreham Hotel in this city and that he is in a position to overhear private conversations carried on by James F. Byrnes, Barney Baruch, and other high officials."

Elmhurst filed this suit in the District Court of the United States for the District of Columbia against Pearson, the Blue Network, Radio Station WMAL, the Shoreham Hotel, and O. John Rogge, the latter having been a special prosecutor in the sedition case. He alleged that Rogge procured Pearson to make the statement concerning him, that he had been discharged by the Shoreham Hotel because of the resultant

publicity, and that the broadcast constituted an invasion of the right of privacy. He sought damages in the sum of $100,000.

The Shoreham Hotel answered, but the other appellees filed a motion to dismiss the complaint. When that motion was granted and the complaint · dismissed, this appeal followed.

■ The theory that. an action lies for the invasion of the privacy of an individual is of recent origin and is unknown to the common ·law.[1] Whether such an action can be maintained in the District of Columbia need not be decided here, for it seems to be well settled in the jurisdictions which entertain such actions that one who becomes an actor in an occurrence of public or general interest must pay the price of publicity through news reports concerning his private life, unless those reports are defamatory.[2] It is also said that even one who unwillingly comes into the public eye because he is involved in a publicized criminal prosecution is subject to the same limitations upon his right of privacy.[3]

■ We conclude, therefore, that the appellant's misfortune in being a defendant in the nationally-discussed sedition trial made him the object of legitimate public interest and that, consequently, Pearson had .the right to comment as he did. Without expressing an opinion as to the right to sue in the District of Columbia for the invasion of privacy, we deem it sufficient to say that, if such a right be assumed, the appellant's status as a defendant in the criminal proceeding mentioned removed him from the great mass of citizens who are entitled under that legal doctrine to be let alone. .

■ In this view, it is clear that the District Court properly held that the right of privacy does not include protection from publication of matter of legitimate public or general interest. And from this it follows that the complaint that Pearson and Rogge conspired to broadcast the alleged comment sets forth no cause of action.

It is our opinion that the judgment of the lower court was correct. Its judgment is affirmed.

[1] Roberson v. Rochester Folding Box Co., 1902, 171 N.Y. 538, 64 N.E. 442, 59 L.R.A. 478, 89 Am.St.Rep. 828; Henry v. Cherry and Webb, 1909, 30 R.I. 13, 73 A. 97, 24 L.R.A.,N.S., 991, 136 Am.St. Rep. 928, 18 Ann.Cas. 1006; Hillman v. Star Publishing Co., 1911, 64 Wash. 691, 117 P. 594, 35 L.R.A.,N.S., 595; Atkinson v. John E. Doherty & Co., 1899, 121 Mich. 372, 80 N.W. 285, 46 L.R.A. 219, 80 Am.St.Rep. 507; Judevine v. Benzies-Montayne, etc., Co., 1936, 222 Wis. 512, 269 N.W. 295, 106 A.L.R. 1443.

[2] Sweenek v. Pathe News, D.C.E.D.N.Y. 1936, 16 F.Supp. 746; Corliss v. E. W. Walker Co., C.C.Mass.1894, 64 F. 280, 31 L.R.A. 283; Humiston v. Universal Film Mfg. Co., 189 App.Div. 467, 178 N.Y. S. 752.

[3] Martin v. New Metropolitan Fiction, Inc., 237 App.Div. 863, 260 N.Y.S. 972.