Edward J. Buzinski, Plaintiff-Appellant, v. The Do-All Company, a Corporation, and Popular Science Publishing Co., Inc., a Corporation, Defendants-Appellees.

Gen. No. 48,221.

First District, First Division.

May 23, 1961.

Reginald A. Barntee, of Chicago, for appellant.

Hopkins, Sutter, Owen, Mulroy & Wentz, of Chicago (Daniel Walker, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Edward J. Buzinski filed a two count complaint for damages for violation of his right of privacy by reason of publication of his picture without his con-

sent. Count I relates to the unauthorized publication of his picture by The DoAll Company and is not involved in this appeal. Count II alleges that the Popular Science Publishing Company, Inc., without the knowledge or consent of plaintiff, published his likeness for its own use and profit in the January, 1959, issue of Popular Science Magazine. The claimed invasion as to this defendant is the publication in its magazine of a car-trailer combination called the "Land Yacht" with plaintiff's likeness appearing in the picture. The court allowed the motion for summary judgment filed by Popular Science Publishing Company, Inc., and found that there is no just reason for delaying plaintiff's appeal.

Popular Science Monthly is a magazine featuring articles, news and pictures dealing primarily with mechanical subjects and the products of applied science. With a letter dated October 10, 1958, defendant received a news release with attached photographs from "Land Yachts," a division of the DoAll Company. These photographs, including one of the plaintiff standing alongside a "Land Yacht" were published at pages 134 and 135 of the January, 1959 issue of the magazine. With a letter dated October 15, 1958, defendant received from the DoAll Company an advertising piece which included the picture published in the magazine and the text material which was included almost verbatim in the news release. The news release described a single body mobile home known as the Land Yacht. The pictures attached to the release show the Land Yacht and include several persons, one of whom is the plaintiff. The magazine issue of January, 1959, published pictures with a short descriptive text in a section of the magazine entitled "Picture News in the World of Science" along with other pictures of mechanical and scientific subjects. The persons appearing in the picture of the Land

192

Yacht were not identified in the text. Defendant did not receive any payment for publication of the material relating to the Land Yacht. The publication and circulation of plaintiff's picture in defendant's magazine were without his knowledge or consent. One million copies of the January, 1959, issue of the magazine were distributed in the United States and Canada, including approximately 15,000 in Cook County, Illinois, where plaintiff lives. He was employed by the DoAll Company as a stripper, plate maker and general photographic assistant. His entire life had been without any noteworthy events or distinctions and he had never been the subject of any publicity or mention by newspaper, radio or otherwise. The only fact appearing in text material printed in the magazine which did not appear in both the news release and the advertising piece was the sentence: "Here is a trailer that doesn't hitch behind the family car."

Plaintiff emphasizes that he does not object to the publication of the picture of the Land Yacht. He bases his action on the unauthorized appropriation of his likeness. He says that one whose likeness is published without his consent has a right of action, citing Eick v. Perk Dog Food Co., 347 Ill. App. 293, 106 NE2d 742; and Annerino v. Dell Publishing Co., 17 Ill. App. 2d 205, 149 N.E.2d 761. In the Eick case the court said (299): "A person may not make an unauthorized appropriation of the personality of another, especially of his name or likeness, without being liable to him for mental distress as well as the actual pecuniary damages which the appropriation causes."

The material published in the magazine concerned a single-body mobile home. Plaintiff asserts that the picture was dramatized and fictionalized to give it eye appeal, and that this is manifest from the fact that his picture was "posed in attire suitable to be

193

included in advertising material." Plaintiff, pointing out that he is not a public figure, says that defendant cannot justify the use of his picture without invading his right to privacy. He insists that the Land Yacht was not news, that trailers that do not hitch behind the family car containing both the automotive power and the living quarters in the one body were manufactured and used in this country for many years before 1958 and that publication of his picture was an exploitation of his likeness for advertising purposes. In this connection plaintiff notes that his picture was not taken by Popular Science Publishing Co., but was taken and furnished by the DoAll Company. The latter company requested the publication of the picture and text material. An affiliate of the DoAll Company is Contour Saws Co. In the January, 1959, issue of the magazine there appeared no fewer than five advertisements for different saw companies. Plaintiff infers that the publication of the material at the request of the DoAll Company might be expected to bear fruit in the form of advertising in the future. Plaintiff asserts that his picture was not illustrative of and had no relation to the Land Yacht; that he was not the driver, the owner or the inventer; and that the use of his picture was entirely unnecessary to illustrate anything in connection with the Land Yacht. Finally, plaintiff argues that there were triable issues of fact and that the court invaded the province of the jury in granting the motion for summary judgment.

In the Eick case the court pointed out that the right of privacy is limited in cases of express or implied consent and in areas of legitimate public interest. The legal issue here is whether publication of the picture of plaintiff is within the public interest limitation. This can be decided by examining the picture in the light of legal precedents establishing the scope

of the limitation. The question is one of law. Defendant makes no claim that the publication of plaintiff's picture was warranted because he was a public figure. If there was legitimate public interest in the Land Yacht, which was the subject of the picture printed by Popular Science, then the incidental appearance of plaintiff in the picture should not deprive defendant of the public interest protection. The question would be the same if plaintiff was a bystander captured in a picture of a fire, an interesting building or a new model car. In Bradley v. Cowles Magazines, Inc., 26 Ill. App. 2d 331, 168 N.E.2d 64, the court said (334): "To find an area within which the citizen must be left alone is the purpose of the action. Even so, chance or destiny may propel a private citizen into the public gaze. It is important, therefore, that in defining the limits of this right, courts proceed with caution."

■ The public interest limitation on the right of privacy includes not merely subjects that are new, but any informational material of legitimate public interest. In Lahiri v. Daily Mirror, 295 N.Y.S. 382, the court pointed out that newspapers publish articles which are neither strictly news nor strictly fictional in character, that such articles include travel stories, tales of historic personages and events, the reproduction of past news and surveys of social conditions. We are of the opinion that there was a legitimate public interest in the picture of the Land Yacht. Whether it be a car, a new building, a park, a snow-covered landscape, a crowded beach or anything else, including the car-trailer combination, the issue is not whether the subject is completely new to the public but whether it has legitimate public interest.

■ The editors of the magazine were legitimately informing their readers about a matter of public interest in publishing the picture of the Land Yacht. The question remaining is whether the privilege to

195

do so is defeated by the inclusion of plaintiff's likeness. On this issue both parties cite Lahiri v. Daily Mirror, 295 N.Y.S. 382, which involved a picture illustrating an article about the "Hindu Rope Trick." Plaintiff was shown playing a musical instrument as an accompanist to an Indian dancer. The court said (389):

"The only question is whether the picture complained of has so tenuous a connection with the article that it can be said to have no legitimate relationship to it. I think it has a relationship to the article. It is used to illustrate one of the points made by the author—the mystical quality of the East. There could have been no other motive for putting it in. It would be far-fetched to hold in this case that the picture was not used in an illustrative sense, but merely to promote the sale of the paper."

Plaintiff argues that his likeness did not illustrate anything in connection with the Land Yacht. An editor or reader could well conclude, for example, that the Land Yacht is being used on a fishing trip, with plaintiff returning to his "mobile home" at the moment the picture was taken. Obviously, a reader of the magazine would conclude that plaintiff was either a user or a passer-by.

Plaintiff's likeness has not been commercially exploited by the defendant. The commercial exploitation of a person's personality or misfortune is a theme common to many, if not all, cases finding an invasion of the right of privacy. In view of the nature of the picture it is difficult to see how plaintiff can seriously urge that his likeness has been commercially exploited so that he should receive the same legal relief as the widow in Annerino v. Dell Publishing Co., the blind girl in Eick v. Perk Dog Food Co., and the stunt driver in Hazlitt v. Fawcett Publications, 116 F. Supp. 538.

The courts have held that summary judgment is a remedy to be encouraged. Allen v. Meyer, 14 Ill. 2d 284, 152 N.E.2d 576. The test is whether there is a genuine issue as to a material fact. The facts are not controverted. The dispositive issue is the question of the public interest limitation on the right of privacy. This is a question of law to be determined by the court. Bremmer v. Journal-Tribune Publishing Co., 76 N.W. 2d 762, 247 Ia. 817. Disposition of right of privacy actions on motion to dismiss or for summary judgment is a frequent occurrence. Rozhon v. Triangle Publications, Inc., 230 F. 2d 359; Jenkins v. Dell Publishing Co., 251 F. 2d 447; Dallesandro.v. Henry Holt & Co., 166 N.Y.S. 2d 805. In the following cases the court decided as a matter of law that the action for invasion of privacy could not be maintained because the plaintiff was a legitimate subject of public interest: Estill v. Hearst Publishing Co., 186 F. 2d 1017; Elmhurst v. Pearson, 153 F. 2d 467; Sidis v. F-R Publishing Co., 113 F. 2d 806; Frith v. Associated Press, 176 F. Supp. 671; Berg v. Minneapolis Star & Tribune Co., 79 F. Supp. 957. Under the authorities we find that defendant had the right to publish a picture of the Land Yacht as a matter of public interest and that plaintiff's appearance therein is reasonably related to the subject of the picture. There remains no material issue of fact for a jury. Therefore the judgment is affirmed.

Judgment affirmed.

FRIEND, J. and BRYANT, J., concur.