Pennie McCormick Dabbs, Plaintiff-Appellant, v. Robert S. Abbott Publishing Company, a Corporation, d/b/a Chicago Defender, Jet Credit Sales, Inc., a Corporation, d/b/a Jet Credit Stores, and Mrs. Betty Lightsey, d/b/a Crest Model and Finishing School, and Livingston and Associates, Inc., a Corporation, Defendants-Appellees.

Gen. No. 48,985.

First District, Second Division.

October 22, 1963.

Alfred M. Loeser, of Chicago, for appellant.

Richard G. Kahn, of Chicago, for Robert S. Abbott Publishing Co., Ashman & Jaffe of Chicago, for Jet Credit Stores, Sheldon Zisook and Keith & Potysman, of Chicago, for Betty Lightsey, and Nathenson & Gussin, of Chicago, for Livingston and Associates, Inc., appellees.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court:

Pennie McCormick Dabbs filed a complaint for damages charging an invasion of her privacy. She

does not seek compensation for the use of her photographs by the defendants. She states the photographs of her were wrongfully and without her consent given by the defendant Betty Lightsey to defendant Abbott Publishing Company, publisher of a newspaper, The Chicago Defender, and to Livingston and Associates and were used in a contest by Jet Credit Sales.

In 1953, the plaintiff, then 27 years of age, enrolled in the Model and Charm School of the defendant Mrs. Betty Lightsey. At the request of Mrs. Lightsey plaintiff posed for 2 photographs and submitted a supply of them to be kept on file. Upon completion of the modeling course plaintiff registered as a professional model with the modeling agency also operated by Mrs. Lightsey. The agreement was signed March 1, 1953 between Mrs. Lightsey and plaintiff. By her pleadings the plaintiff admits the agreement but raises questions as to its validity and construction. By the terms of this agreement Mrs. Lightsey was to endeavor to obtain modeling jobs for plaintiff for one year. In return for this the model was to cooperate with the Lightsey Agency by keeping her supplied with late photographs and by making herself available for publicity stunts and programs.

Plaintiff's picture appeared in The Chicago Defender on July 23, 1955, with the statement that she was a contestant in the "Miss Jet Credit" contest. This contest was run in connection with the grand opening of the Jet Credit Store. At the opening were to appear such celebrities as Ernie Banks and Mahalia Jackson. There was also to be a beauty contest. It was the news of plaintiff's entry in this contest and the accompanying photograph which appeared in The Chicago Defender.

Upon the trial of the case the court found that there was no question of fact placed in issue by the evidence and accordingly directed a verdict for the defendant.

439

We are asked to decide whether there was such a waiver of the right of privacy by plaintiff's consent as to deny her recovery against defendants. There are several cases in Illinois which bear directly upon the right of privacy. Eick v. Perk Dog Food Co., 347 Ill App 293, 106 NE2d 742; Annerino v. Dell Pub. Co., 17 Ill App2d 205, 149 NE2d 761; Buzinski v. Do-All Co., 31 Ill App2d 191, 175 NE2d 577; Bradley v. Cowles Magazines, Inc., 26 Ill App2d 331, 168 NE2d 64. A leading case on the right of privacy is the Eick case, supra. There it was held that a private person would be protected against the unauthorized use of his picture for advertising purposes.

In Bradley v. Cowles Magazines, Inc., 26 Ill App2d 331, 168 NE2d 64, the court denied recovery for invasion of privacy adding that courts must proceed with caution in defining the limits of this right. In the recent case of Buzinski v. Do-All Co., 31 Ill App2d 191, 175 NE2d 577, this court again refused recovery to the plaintiff who claimed that the defendant without his knowledge or consent published his picture in connection with a promotion in Popular Science magazine. Plaintiff's name was not mentioned in the picture or the print. Even though the publication was without plaintiff's consent, the court stated that the publisher was legitimately informing the public about a matter of public concern.

In the present case the plaintiff admits having entered into an agreement by which she was to supply defendant Lightsey with up-to-the-minute photographs and to be available for publicity stunts. The subsequent appearance of the picture and accompanying story about plaintiff were within the realm of her consent. While normally the jury decides questions of fact, where no reasonable minds can differ as to the facts the court has a duty to direct a verdict. Paulsen v. Cochfield, 278 Ill App 596; Scruggs v.

Baltimore & O. R. Co., 287 Ill App 310, 4 NE2d 878. The court under the pleadings and evidence, was right in directing a verdict against plaintiff.

For these reasons the judgment is affirmed.

Judgment affirmed.

FRIEND and BRYANT, JJ., concur.