Lawrence Milton **JOHNSON**, Appellant,

v.

The **EVENING STAR NEWSPAPER CO.**,
et al., Appellees.

No. 18846.

United States Court of Appeals
District of Columbia Circuit.

Argued March 11, 1965.

Decided March 25, 1965.

Petition for Rehearing En Banc
Denied May 5, 1965.

Mr. Ira M. Lowe, Washington, D. C., for appellant.

Mr. Paul R. Connolly, Washington, D. C., with whom Mr. George U. Carneal, Jr., Washington, D. C., was on the brief, for appellee, The Evening Star Newspaper Co.

Mr. Roger A. Clark, Washington, D. C., for appellee, The Washington Post Co. Mr. William R. Glendon, Washington, D. C., was on the brief for appellee, The Washington Post Co.

Before FAHY, WASHINGTON and BURGER, Circuit Judges.

PER CURIAM:

Appellant was the innocent victim of a mistaken identification as the person who committed two serious crimes in the District of Columbia. He was arrested, charged with the crimes and spent some time in jail before being released when the mistake was discovered. Appellees in their newspapers of wide circulation published accounts of his clearance, giving his name, address and other identifying information, with some details of the resumption of his family life after his ordeal. He sued appellees for damages, claiming that such publications invaded his right of privacy. Appellees' motions

to dismiss were granted and the complaint was dismissed.

We think the facts as set forth in the complaint, admitted for purposes of the motion to dismiss, failed to state a cause of action. We therefore affirm.

The publications contain no criticism whatever of appellant. There was not the slightest adverse reflection upon him or suggestion of defamation or ridicule of him. His identification as the victim of the mistake, by including his name and otherwise placing him in his environment did not give rise to a recoverable wrong. The principal events were already in the public domain, and were of news interest. The identifying details were incidental to the story and were not an enlargement which carried the publications beyond legitimate bounds. Elmhurst v. Pearson, 80 U.S.App.D.C. 372, 153 F.2d 467 (1946).

Affirmed.