No. 3--97--0616

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

CHARLES H. AINSWORTH,          ) Appeal from the Circuit Court

) of Du Page County.

Plaintiff-Appellant, )

)

v. ) 95--MR--213

)

CENTURY SUPPLY COMPANY, d/b/a        )

Century Tile; and TCI OF )

ILLINOIS, INC., d/b/a Chicago )

Cable Advertising, ) Honorable

) Robert E. Byrne,

Defendants-Appellees. ) Judge, Presiding.

________________________________________________________________

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Charles H. Ainsworth, appeals the orders of the circuit court of Du Page County dismissing his complaint against defendant TCI of Illinois, Inc. (TCI), and granting summary judgment in favor of defendant Century Supply Company (Century).  We reverse and remand.

Plaintiff was hired to install tile at the house Tom Parks was building.  Parks is also referred to as Thomas Poczatek.  Parks was the sales manager for Century.  Century is in the business of selling, among other things, ceramic tile.  In October 1993, Century created a videotape that instructs customers how to install ceramic tile.  Century asked plaintiff for permission to videotape him installing tile in Parks’s house.  Parks explained that the video would be distributed to Century’s customers.  Plaintiff consented to appear in the video.  The video was completed and Century began providing it to the public.

In 1994, Century hired TCI to create a television commercial.  The television commercial TCI created contained blank space into which short bits of videotape could be inserted, thus creating a number of different versions of the television commercial.  One of the inserts was taken from the instructional video in which plaintiff participated.  The television commercial with plaintiff’s image was aired a number of times.

In November 1994, plaintiff called Parks and complained about his appearance in Century’s television commercial, giving Century two weeks  to respond.  Century asserted that it called TCI and requested that the commercial be discontinued.

Plaintiff’s image appears in the television commercial for only a few seconds.  Plaintiff concedes that there is nothing objectionable about his appearance or the way he is installing tile.

Plaintiff sued defendants for using his image in the television commercial.  In his five-count first amended complaint, plaintiff alleged claims against Century for infringement to his right of publicity (count I); invasion of privacy by appropriating his likeness (counts II and IV); and for the establishment of a constructive trust and an accounting (count III).  Count V alleged that TCI appropriated his likeness.

TCI filed a motion to dismiss plaintiff’s claim.  TCI claimed that count V did not state a claim for invasion of privacy and that TCI did not commercially benefit from the publication of plaintiff’s image.  The trial court agreed and dismissed count V  of plaintiff’s complaint.

Century filed a motion for summary judgment.  Century alleged that plaintiff’s consent to appear in the instructional video extended to the commercial and that plaintiff did not incur damages and was not entitled to punitive damages from Century.  The trial court denied the motion as to the consent issue but granted summary judgment in favor of Century on the issue of damages, holding that plaintiff did not sustain actual damages and the lack of evidence of malice or reckless indifference to plaintiff’s rights precluded an award of punitive damages.  In addition, plaintiff voluntarily dismissed counts I and III.  Plaintiff timely appeals.

Plaintiff first contends that the trial court erroneously dismissed count V of his complaint against TCI.  Plaintiff argues that TCI was paid to create a television commercial for Century and thus received a commercial benefit.  We agree.

A section 2--619 motion to dismiss (735 ILCS 5/2--619 (West 1994)) provides “a means to dispose of issues of law or of easily proved issues of fact.”  
Melko v. Dionisio
, 219 Ill. App. 3d 1048, 1057 (1991).  For the purposes of a section 2--619 motion, the court is required to consider all well-pleaded facts as true but is not required to accept conclusions of law or conclusions of fact unsupported by specific factual allegations.  If issues of material fact exist, the trial court should not grant a section 2--619 motion, nor should the trial court weigh the evidence.  
Melko
, 219 Ill. App. 3d at 1057-58.  As the reviewing court is concerned with a question of law, its review is 
de
 
novo
.  
Payne v. Lake Forest Community High School District 115
, 268 Ill. App. 3d 783, 785 (1994).

The tort of invasion of privacy consists of four branches: “(1) an unreasonable intrusion upon the seclusion of another; (2) an appropriation of another’s name or likeness; (3) a public disclosure of private facts; and (4) publicity which reasonably places another in a false light before the public.”  
Dwyer v. American Express Co.
, 273 Ill. App. 3d 742, 744-45 (1995), citing Restatement (Second) of Torts §§ 652B, 652C, 652D, 652E, at 378-94 (1977); W. Keeton, Prosser & Keeton on Torts § 117, at 849-69 (5
th
 ed. 1984).  The elements of an appropriation claim are “an appropriation, without consent, of one’s name or likeness for another’s use or benefit. [Citation.]  This branch of the privacy doctrine is designed to protect a person from having his name or image used for commercial purposes without consent.”  
Dwyer
, 273 Ill. App. 3d at 748.

Here, plaintiff alleged that TCI was hired by Century to produce a television commercial and that Century paid TCI for completing the television commercial.  Plaintiff further alleged that TCI used footage from the instructional video in which plaintiff appeared in creating the television commercial.  Plaintiff alleged that he did not consent to the use of his image from the instructional video, but TCI nevertheless broadcast the television commercial.  Plaintiff also alleged that TCI received further income from airing the television commercial.  Plaintiff has sufficiently pleaded an appropriation claim against TCI.

TCI argues that plaintiff failed to allege that TCI used his image for its own benefit.  TCI asserts that, because the television commercial touted Century’s products, TCI’s use of plaintiff’s image in it conferred no commercial benefit on TCI.  This misses the mark.  TCI created a television commercial which used plaintiff’s image and for which it was paid.  We fail to see how TCI’s use of plaintiff’s image was for anything but TCI’s commercial benefit.  TCI’s argument is without merit.

TCI also asserts that, as a media defendant, it should not be liable for appropriating plaintiff’s likeness, citing 
Berkos v. National Broadcasting Co.
, 161 Ill. App. 3d 476 (1987).  In 
Berkos
, the defendant displayed the plaintiff’s photograph during a news broadcast.  The court determined that “[a] commercial appropriation claim cannot be stated where a plaintiff’s name or likeness has been used as part of a ‛vehicle of information,’ such as the news media.”  
Berkos
, 161 Ill. App. 3d at 495.  The court also distinguished the situation in 
Berkos
 from the commercial use of a person’s likeness in advertising as occurred in 
Eick v. Perk Dog Food Co.
, 347 Ill. App. 293 (1952).  Here, TCI made commercial use of plaintiff’s likeness by including it in an advertisement it had been commissioned to create.  Its use of plaintiff’s likeness was not incidental to the transmission of news information, but rather it was central to the endeavor of advertising.  
Berkos
 is therefore inapposite.

TCI also cites 
Buzinski v. Do-All Co.
, 31 Ill. App. 2d 191 (1961), for the same proposition.  There, the plaintiff was included in a photograph of a mobile home.  The court held that the picture of the mobile home was a matter of legitimate public interest and that the plaintiff’s incidental inclusion in the photograph was reasonably related to the subject of the picture and was not a commercial exploitation.  
Buzinski
, 31 Ill. App. 2d at 196-97.  Here, by contrast, the use of plaintiff’s image was for the purpose of advertising Century’s products and services, not to provide information of general interest to the public.  Moreover, the inclusion of plaintiff’s image in the television commercial was deliberate, not incidental, and integral to the advertisement.  
Buzinski
 is likewise inapposite to TCI’s argument.  Accordingly, we hold that the trial court erroneously dismissed count V of plaintiff’s amended complaint.

Plaintiff next contends that the trial court erroneously granted summary judgment in favor of Century.  Summary judgment is properly granted if the pleadings, depositions, and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2-1005 (West 1994); 
Leschinski v. Forest City Steel Erectors
, 243 Ill. App. 3d 124, 127 (1993).  In ruling on the motion, the court is required to construe all evidentiary material strictly against the movant and liberally in favor of the respondent.  
Pagano v. Occidental Chemical Corp.
, 257 Ill. App. 3d 905, 908 (1994).

The propriety of an order granting summary judgment is a question of law and, as such, we review such orders 
de
 
novo
.  
Pagano
, 257 Ill. App. 3d at 909.  If, after reviewing the pleadings and evidentiary material before the trial court, the reviewing court determines that a material issue of fact exists or that the summary judgment was based on an erroneous interpretation of the law, then reversal is warranted.  
Pagano
, 257 Ill. App. 3d at 909.

Plaintiff first contends that the trial court erred by finding that he had failed to demonstrate the existence of actual damages.  We agree.

Century argues that, as a matter of law, plaintiff’s allegations are insufficient to prove any actual damages.  Century points to plaintiff’s deposition, in which plaintiff stated that he was angry over the use of his image in Century’s television commercial.  Century overlooks, however, the venerable principle that the law will presume that damages exist for every infringement of a right.  
Duran v. Leslie Oldsmobile, Inc.
, 229 Ill. App. 3d 1032, 1040 (1992).  Here, plaintiff has alleged that Century appropriated his image from the instructional video, without his consent, for Century’s own benefit.  See 
Dwyer
, 273 Ill. App. 3d at 748 (elements of tort).  Accordingly, plaintiff has alleged the infringement of his legal right to the use of his image.  It is proper to vindicate plaintiff’s right to the use of his image against this deliberate violation, even if plaintiff cannot prove actual damages.  
Crosby v. City of Chicago
, 11 Ill. App. 3d 625, 630 (1973).  In addition, we note that the courts in Illinois have long presumed that nominal damages are available for this tort.  See 
Smith v. WGN, Inc.
, 47 Ill. App. 2d 183, 185-86 (1964) (“[t]he use of plaintiff’s pictures for advertising purposes, if without his consent, constitutes an invasion of his right of privacy and may entitle him to recover more than nominal damages”).

The availability of nominal damages notwithstanding, Century maintains that plaintiff has failed to demonstrate the existence of any damages beyond an award of nominal damages.  Century contends that plaintiff must experience severe emotional distress.  Century misapprehends the nature of the tort with which it is charged.  The appropriation of a plaintiff’s image is more properly in the nature of a usurpation of a plaintiff’s property rights in the exclusive use of his image.  See 62A Am. Jur. 2d 
Privacy
 § 71 (1990).  Thus, Century’s contention that plaintiff must prove a significant level of mental distress is immaterial.  Accordingly, plaintiff may prove, if he is able, the value of the use Century made of his image as well as any damages resulting from his alleged emotional distress.

Century rightly notes that a reviewing court may sustain a summary judgment on any ground justified by the record.  See 
Adcock v. Brakegate, Inc.
, 247 Ill. App. 3d 824, 831 (1993), 
aff’d
, 164 Ill. 2d 54 (1994).  As grounds supporting the summary judgment, Century first contends that, by consenting to appear in the instructional video, plaintiff also consented to appear in its television commercial.  Century’s reasoning is clearly flawed, as it amounts to the assertion that, by consenting to eat apples with dinner, one has also consented to eat oranges. The fact that both are fruit does not make them indistinguishable. Likewise, the fact that plaintiff consented to appear in the instructional video that was to be available to Century’s customers does not mean that his consent extended to his appearance in a television commercial, broadcast to the television-watching public.  We reject Century’s consent argument.

Century next argues that it received no commercial benefit from the use of plaintiff’s image in its television commercial.  Century seems to advance the contention that plaintiff’s image is fungible and that, by using plaintiff’s image as opposed to any other, it received no commercial benefit.  This argument fares little better, for, even if we accept that plaintiff’s image was a fungible commodity, Century nevertheless chose plaintiff’s image and no other.  Plaintiff’s image was integral to the concept of the advertisement.  Century benefitted by airing the television commercial.  Plaintiff’s image, not one of the others, had some value to Century, even if it were merely ease of procurement.  Because Century received a commercial benefit from its advertising, we cannot say that Century received no benefit from the use of plaintiff’s image.  Accordingly, we hold that the trial court erroneously granted summary judgment in favor of Century on the issue of actual damages.

Plaintiff next argues that the trial court erred by granting summary judgment in favor of Century on the issue of punitive damages.  The purpose of punitive damages is to punish the offender and to deter others from committing similar actions.  
Bryant v. Livigni
, 250 Ill. App. 3d 303, 312 (1993).

“Punitive *** damages may be awarded when torts are committed with fraud, actual malice, deliberate violence or oppression, or when the defendant acts wilfully or with such gross negligence as to indicate a wanton disregard for the rights of others [citation], or for conduct involving some element of outrage similar to that found in crime.”  
Homewood Fishing Club v. Archer Daniels Midland Co.
, 239 Ill. App. 3d 102, 115 (1992).

The conduct approaches the level of blameworthiness associated with intentional harm and is performed either with an evil motive or with reckless indifference to the rights of others.  
Homewood Fishing Club
, 239 Ill. App. 3d at 115.  Punitive damages are disfavored in the law due to their penal nature, and caution must be used to avoid awarding them unwisely.  
Homewood Fishing Club
, 239 Ill. App. 3d at 115.  “While the amount of punitive damages is a question for the jury, the initial decision of whether punitive damages may be awarded in a particular case is a matter of law for the trial judge to decide.”  
Homewood Fishing Club
, 239 Ill. App. 3d at 115.

Here, as proof of Century’s culpable mental state, plaintiff points to the fact that Century did not bother to secure his consent.  In his deposition, Tom Parks stated that he was “shocked” by plaintiff’s complaint because plaintiff’s “part was so small and I thought most people would be thrilled that they would be in a commercial.”  Additionally, in his deposition, plaintiff stated that, when he first confronted Century about the television commercial, Century denied he was in it.  According to plaintiff, this demonstrates that Century intended to deceive him and deprive him of the benefit of the use of his image.  Pointing to the various broadcast records of the stations airing the commercial, plaintiff also contends that Century continued to air the television commercial for months after he demanded that it be taken off the air.  The records indicate there is some merit to plaintiff’s contention.  Viewing these contentions most favorably for the nonmovant plaintiff, as we must, we conclude that plaintiff has demonstrated the existence of evidence from which the finder of fact could infer that Century acted with malice or reckless indifference to his rights.  We note that Century controverts plaintiff’s scenario outlined above.  Additionally, Century blames TCI for failing to secure plaintiff’s consent to appear in the commercial.  This does not wash because Century provided plaintiff’s image to TCI and not the reverse.  In addition, Century’s contentions serve to highlight the existence of genuine issues of material fact concerning Century’s mental state.  Accordingly, because there are genuine issues of material fact, and because of the preliminary posture of the evidence in this case, we hold that the trial court erred by granting summary judgment in favor of Century on the issue of punitive damages.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings consistent with our disposition.

Reversed and remanded.

GEIGER, P.J., and McLAREN, J., concur.