REYNA BENITEZ *et al.*, Plaintiffs-Appellants, v. KFC NATIONAL MANAGEMENT COMPANY, Defendant-Appellee (Donald Binninger *et al.*, Defendants-Appellants; Javier Deloya, Defendant).—REYNA BENITEZ *et al.*, Plaintiffs-Appellants and Cross-Appellees, v. KFC NATIONAL MANAGEMENT COMPANY, Defendant-Appellee and Cross-Appellant (Donald Binninger *et al.*, Defendants).

Second District   Nos. 2—97—1309, 2—98—0006 cons.

Opinion filed June 25, 1999.—Rehearing denied August 4, 1999.

Raymond A. Boldt, of Mundelein, for appellants Donald Binninger, Guillermo Castrejon, Lucio Castrejon, Ricardo Castro, and Javier Deloya.

Steven M. Schwarzbach, of Law Offices of Steven M. Schwarzbach, of Twin Lakes, Wisconsin, and Kevin E. Bry, of Oak Park, for appellants Reyna Benitez, Natalie Poyer, and Maria Velasquez.

Eric J. Pelton, of Keinbaum, Opperwall, Hardy & Pelton, of Birmingham, Michigan, for appellee.

JUSTICE COLWELL delivered the opinion of the court:

Reyna Benitez, Maria Velasquez, and Natalie Poyer (collectively, plaintiffs) worked with Donald Binninger, Ricardo Castro, Lucio Castrejon, Guillermo Castrejon, and Javier Deloya (collectively, employee-defendants) at a Kentucky Fried Chicken in Northbrook. Plaintiffs filed suit against employee-defendants and KFC National Management Company (KFC), alleging, *inter alia*, that employee-defendants engaged in a systematic spying operation on plaintiffs through a hole in the ceiling of the KFC women's bathroom. The circuit court of Lake County dismissed KFC from the lawsuit, and the case subsequently proceeded to trial against four of the five employee-defendants. After a bench trial, the circuit court entered judgments in favor of each plaintiff and against the four employee-defendants. Plaintiffs and employee-defendants appealed, and KFC filed a cross-appeal.

The issues on appeal are as follows: (1) whether the intentional infliction of emotional distress claim against employee-defendants in plaintiffs' fifth amended complaint related back to plaintiffs' original complaint; (2) whether plaintiffs stated a cause of action for intentional infliction of emotional distress; (3) whether plaintiffs' invasion of privacy claims were barred by the one-year statute of limitations of section 13—201 of the Code of Civil Procedure (Code) (735 ILCS 5/13—201 (West 1994)); (4) whether plaintiffs' claims were preempted by section 8—111(C) of the Illinois Human Rights Act (775 ILCS 5/8—111(C) (West 1992)); (5) whether the circuit court improperly struck plaintiffs' second amended complaint; (6) whether the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1992)) preempted plaintiffs' claims; (7) whether plaintiffs' claims against employee-defendants were *res judicata*; (8) whether plaintiffs proved their intentional infliction of emotional distress claim; and (9) whether the circuit court erred in denying KFC's motion for sanctions against plaintiffs. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are former female employees of KFC. They worked at KFC as cooks, cashiers, and food servers. Each employee-defendant

worked for KFC in the same capacities as plaintiffs except for Binninger, who was plaintiffs' supervisor. On March 9, 1995, plaintiffs filed suit against employee-defendants and KFC for invasion of privacy and negligence. Plaintiffs' complaint alleged that between October 1992 and December 1993 employee-defendants (a) poked holes in the ceiling of KFC's women's restroom, (b) observed plaintiffs disrobing and using the restroom facilities, (c) took pictures of plaintiffs through the hole in the ceiling, (d) described plaintiffs' private anatomies to others, (e) viewed and photographed female customers using the restroom, and (f) sold expired and tampered-with food to the general public. After KFC answered the complaint and raised several affirmative defenses, plaintiffs amended the complaint to include KFC's correct corporate name. All other allegations remained the same.

KFC subsequently moved to strike as irrelevant and scandalous the allegations that employee-defendants spied on female customers and sold expired and tampered-with food. While KFC's motion was pending, plaintiffs sought leave of court to file a second amended complaint. Judge William Block granted both motions, and plaintiffs filed their second amended complaint in August 1995.

The second amended complaint contained three counts: one against employee-defendants entitled "invasion of privacy," one against KFC entitled "negligent retention of employees," and one against KFC entitled "negligent hiring." Plaintiffs included the same facts that Judge Block struck from the first amended complaint and further alleged that employee-defendants locked one employee in a freezer and chased another with a butcher's knife. KFC moved to strike the second amended complaint on the grounds that it contained the same alleged scandalous and impertinent information as the first. Before Judge Block ruled on KFC's motion to strike, plaintiffs sought leave to file a third amended complaint, which was virtually identical to the second amended complaint. On October 3, 1995, Judge Block granted KFC's motion to strike, denied plaintiffs leave to file the third amended complaint, and granted plaintiffs leave to file a fourth amended complaint. Referring to plaintiffs' customer-related allegations, Judge Block ordered plaintiffs to refrain from stating claims on behalf of third parties.

Plaintiffs filed their 12-count fourth amended complaint on October 23, 1995. Each of the three plaintiffs brought four causes of action. Counts I through III alleged invasion of privacy against employee-defendants. Counts IV through VI, entitled "invasion of privacy, willful and wanton," were also directed at employee-defendants. Counts VII through XII were against KFC. Counts VII through IX were entitled "invasion of privacy—*respondeat superior*," and counts X through XII, "negligent retention."

KFC subsequently moved to dismiss the counts against it pursuant to sections 2—615 and 2—619 of the Code (735 ILCS 5/2—615, 2—619 (West 1996)). KFC maintained (a) that plaintiffs' invasion of privacy claims were barred by the statute of limitations set forth in section 13—201 of the Code (735 ILCS 5/13—201 (West 1994)); (b) that section 8—111(C) of the Illinois Human Rights Act (775 ILCS 5/8—111(C) (West 1992)) preempted the entire lawsuit; and (c) that the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1992)) barred plaintiffs from going forward with their claims against KFC. Without stating his reasons, Judge Block ruled in January 1996. His order stated as follows: "KFC's Motion to Dismiss is granted and Plaintiffs' case as to KFC is dismissed *with prejudice* \*\*\*. This case remains open as to the remaining Defendants." (Emphasis added.) The order contains no language indicating that the order was appealable.

Employee-defendants had not answered any of the complaints, and, on January 23, 1996, plaintiffs filed a motion for entry of default. Judge Block entered an order of default against employee-defendants on March 5 and, on April 25, 1996, entered a judgment against them.

Four days later, plaintiffs filed a notice of appeal. They sought review of Judge Block's October 1995 and January 1996 orders. Nonetheless, in May 1996, all but one (Deloya) of the employee-defendants filed motions to vacate the default judgment against them. The circuit court granted those motions. Plaintiffs advised the appellate court that the circuit court had vacated the default judgment and that the October 1995 and January 1996 orders were therefore no longer final. Thus, the appellate court determined that it was without jurisdiction to entertain plaintiffs' appeal at that time and accordingly dismissed that appeal.

The case proceeded against all of the employee-defendants except for Deloya. In November or December 1996, however, Judge Block died, and the case was reassigned to Judge Terrence Brady. Judge Brady dismissed counts IV through VI of the fourth amended complaint and granted plaintiffs leave to file a fifth amended complaint. On January 8, 1997, plaintiffs filed a two-count, fifth amended complaint in which plaintiffs alleged the same facts as they did in their prior complaints. Plaintiffs also alleged that Binninger was acting as the "alter ego" of KFC while the acts giving rise to the suit occurred. In both count I (invasion of privacy) and count II (intentional infliction of emotional distress), plaintiffs sought recovery from employee-defendants and from KFC.

On February 18, 1997, KFC, relying upon Judge Block's January 1996 order, moved to dismiss plaintiffs' claims against it. KFC also

sought sanctions against plaintiffs pursuant to Supreme Court Rule 137 (155 Ill. 2d R. 137). Judge Brady initially denied both parts of KFC's motion in February 1997, and KFC thereafter moved for Judge Brady to reconsider his denial of KFC's motion to dismiss. In March 1997, Judge Brady vacated his February 1997 order, dismissed KFC from the lawsuit, and barred plaintiffs "from bringing further claims against KFC arising from the transactions and occurrences as set forth in Plaintiffs' various pleadings."

In February 1997, employee-defendants filed a motion to dismiss pursuant to section 2—619 of the Code (735 ILCS 5/2—619 (West 1996)) in which they raised the same issues that are the subjects of the instant appeals. Judge Brady denied the motion.

A bench trial began on November 24, 1997. On November 25, 1997, Judge Brady entered judgment against employee-defendants. The order stated that the physical evidence favored plaintiffs, that plaintiffs were more credible than were employee-defendants and that "[a]t all times D. Binninger was a supervisory manager for KFC." Judge Brady found for plaintiffs and against employee-defendants on all counts. The order awarded Poyer $15,000, Benitez $50,000, and Velasquez $30,000.

## ANALYSIS

### I.

### RELATION BACK OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM

The material in this section is nonpublishable under Supreme Court Rule 23 (166 Ill. 2d R. 23).

### II.

### SUFFICIENCY OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM

The material in this section is nonpublishable under Supreme Court Rule 23 (166 Ill. 2d R. 23).

### III.

### STATUTE OF LIMITATIONS FOR INVASION OF PRIVACY COUNTS

Both KFC and employee-defendants maintain that plaintiffs' invasion of privacy claims should be subject to the one-year statute of limitations of section 13—201 of the Code (735 ILCS 5/13—201 (West 1994)). Plaintiffs complained of conduct which occurred between October 1992 and December 1993. According to KFC and employee-

defendants, since plaintiffs did not file their initial complaint until March 9, 1995, the one-year statute of limitations bars plaintiffs' invasion of privacy claims.

■ Before we proceed, we must first categorize plaintiffs' invasion of privacy claim. Our supreme court first recognized a right to privacy in *Leopold v. Levin*, 45 Ill. 2d 434, 439-41 (1970). There are four privacy torts. They are (a) the intrusion upon the seclusion of another, (b) the appropriation of name or likeness of another, (c) publicity given to private life, and (d) publicity placing a person in a false light. *Lovgren v. Citizens First National Bank*, 126 Ill. 2d 411, 416 (1989), citing Restatement (Second) of Torts §§ 652B through E, at 378-94 (1977). As noted in *Lovgren*, the core of the tort of intrusion upon seclusion is the offensive prying into the private domain of another. *Lovgren*, 126 Ill. 2d at 417. Examples of actionable intrusion upon seclusion would include invading someone's home, illegally searching someone's shopping bag in a store, eavesdropping by wiretapping, peering into the windows of a private home, or making persistent and unwanted telephone calls. *Lovgren*, 126 Ill. 2d at 417, citing W. Keeton, Prosser & Keeton on Torts § 117, at 854-55 (5th ed. 1984). We find that plaintiffs' invasion of privacy claim is best categorized as "intrusion upon the seclusion of another." See *Lovgren*, 126 Ill. 2d at 419 (cause of action determined by allegations in complaint rather than by title). Although plaintiffs asserted that employee-defendants also took pictures of plaintiffs in the KFC restroom and described to others plaintiffs' private body parts, we do not believe that those allegations were the focus of plaintiffs' invasion of privacy claim. Rather, the allegations forming the crux of the privacy-related claim were that employee-defendants poked holes in the ceiling of the women's bathroom and viewed plaintiffs disrobing and using the restroom facilities. Without the allegations of voyeurism, we would be reluctant to classify employee-defendants' conduct as invasion of privacy at all. And certainly voyeurism constitutes an "offensive prying into the private domain of another." See *Lovgren*, 126 Ill. 2d at 417.

■ Our supreme court has not expressly recognized the tort of intrusion upon the seclusion of another (see *Lovgren*, 126 Ill. 2d at 417), and the Illinois appellate court districts are split on whether the cause of action is recognized under Illinois law. The third and fifth districts have recognized the tort (*Melvin v. Burling*, 141 Ill. App. 3d 786, 789 (3d Dist. 1986); *Davis v. Temple*, 284 Ill. App. 3d 983, 994 (5th Dist. 1996)), while the first and fourth districts have held otherwise (*Kelly v. Franco*, 72 Ill. App. 3d 642, 646-47 (1st Dist. 1979); *Bureau of Credit Control v. Scott*, 36 Ill. App. 3d 1006, 1008-09 (4th Dist. 1976)). After careful review of the relevant authority, we

expressly recognize a cause of action for unreasonable intrusion upon the seclusion of another. We find nothing in *Leopold* or in *Lovgren* that suggests that our supreme court would not recognize such a claim, and we are unpersuaded by the arguments against recognizing the tort. In particular, the fact that the elements of intrusion upon seclusion may overlap with the elements of other torts (trespass, for example) is no reason to reject intrusion upon seclusion as a viable cause of action. We likewise find no just reason not to recognize the tort simply because criminal statutes govern similar privacy-related matters. See, *e.g.*, 720 ILCS 5/14—1 (West 1996) (eavesdropping statute); 720 ILCS 135/1—1 (West 1996) (Obscene Phone Call Act). After all, nothing precludes the victim of a criminal battery from also bringing a civil battery suit against his or her aggressor.

■ Having categorized plaintiffs' cause of action as an intrusion upon the seclusion of another, we hold that section 13—201 of the Code does not apply to plaintiffs' cause of action. Section 13—201 provides:

> "Defamation—Privacy. Actions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued." 735 ILCS 5/13—201 (West 1994).

Clearly section 13—201 applies to libel and slander. See 735 ILCS 5/13—201 (West 1994). The statute also applies to the causes of action of public disclosure of private facts (*Johnson v. Lincoln Christian College*, 150 Ill. App. 3d 733, 745-46 (1986)), the appropriation of name or likeness of another (*Leopold*, 45 Ill. 2d at 439, 444), and false-light publicity (*Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 104-05 (1996)). All three of these invasion of privacy torts differ from unreasonable intrusion upon the seclusion of another. Publication is an element of each of the three former torts, whereas publication is not an element of unreasonable intrusion upon the seclusion of another. See Restatement (Second) of Torts §§ 652B through E, at 378-94 (1977) (stating the elements of all four causes of action). The fact that publication is not an element of intrusion upon seclusion is crucial, since the plain language of section 13—201 indicates that the one-year statute of limitations governs only libel, slander and privacy torts involving publication (see 735 ILCS 5/13—201 (West 1994); *McDonald's Corp. v. Levine*, 108 Ill. App. 3d 732, 737 (1982) (even if eavesdropping claim was actually a claim for intrusion upon seclusion, the one-year statute of limitations of what is now section 13—201 would not apply to plaintiffs' cause of action because intrusion upon seclusion requires publication)). Accordingly, since the statute does not refer to a cause of action for intrusion upon seclusion, we decline to read the statute as such.

In holding that intrusion upon seclusion is not governed by section 13—201, we acknowledge our disagreement with two cases relied upon by employee-defendants and KFC. In *Hrubec v. National R.R. Passenger Corp.*, 778 F. Supp. 1431 (N.D. Ill. 1991), *rev'd on other grounds*, 981 F.2d 962 (7th Cir. 1992), and in *Juarez v. Ameritech Mobile Communications, Inc.*, 746 F. Supp. 798 (N.D. Ill. 1990), *aff'd*, 957 F.2d 317 (7th Cir. 1992), the United States District Court for the Northern District of Illinois held that claims of intrusion upon seclusion (*Hrubec*) and sexual harassment (*Juarez*) were time-barred by section 13—201. Nonetheless, we are not persuaded by those cases, since neither case provides any explanation whatsoever of why section 13—201 applies to a cause of action for intrusion upon seclusion. Instead, we find the plain language of the statute controlling.

## IV.

## ILLINOIS HUMAN RIGHTS ACT

■ We must next consider whether the instant matter fell within the exclusive jurisdiction of the Illinois Human Rights Commission. Section 8—111(C) of the Illinois Human Rights Act (Act) provides in relevant part:

> "Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8—111(C) (West 1992).

If plaintiffs' common-law actions against KFC and employee-defendants are construed as "civil rights violation[s]" within the meaning of the statute, then it is clear that the circuit court lacked subject matter jurisdiction to consider plaintiffs' claims. See *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill. 2d 507, 516 (1994).

■ The Act states that it is a "civil rights violation" for any employer or employee "to engage in sexual harassment." 775 ILCS 5/2—102(D) (West 1992)). The Act defines sexual harassment as follows:

> "any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when *** submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or *** such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment." 775 ILCS 5/2—101(E) (West 1992)).

KFC and employee-defendants maintain that plaintiffs' fourth and fifth amended complaints were actually claims of sexual harassment falling within the exclusive jurisdiction of the Illinois Human Rights Commission.

■ Plaintiffs brought their fourth amended complaint against KFC under *respondeat superior* and negligent retention theories and, in their fifth amended complaint, alleged invasion of privacy and intentional infliction of emotional distress against employee-defendants. However, whether the Illinois Human Rights Commission had exclusive jurisdiction over this case turns on the allegations against employee-defendants, since only their alleged conduct could have possibly given rise to a cause of action for sexual harassment under the Act. See *Geise*, 159 Ill. 2d at 517-18 (although the counts against plaintiff's employer were entitled "negligent hiring" and "negligent retention," the negligence allegations did not alter "the fundamental nature of her cause of action"; the actual allegation was sexual harassment against plaintiff's supervisor). The allegations against KFC are irrelevant, since where, as alleged here, an employee was sexually harassed by supervisory personnel, the Act imposes strict liability upon the employer (*Geise*, 159 Ill. 2d at 518). Thus, if the claims against employee-defendants fell within the Act's exclusive jurisdiction, then the claims against KFC would necessarily follow.

■ Whether a circuit court may exercise jurisdiction over a tort claim depends upon whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself. *Maksimovic v. Tsogalis*, 177 Ill. 2d 511, 517 (1997). The issue before us, then, is whether plaintiffs' claims of unreasonable intrusion upon seclusion and of intentional infliction of emotional distress would be inextricably linked to claims of sexual harassment.

In *Maksimovic*, the plaintiff filed suit against her former manager, alleging assault, battery, and false imprisonment. She claimed that he threatened to sexually assault her, touched her on private areas of her body, attempted to kiss her, and confined her in a walk-in cooler where he made sexual advances toward her. *Maksimovic*, 177 Ill. 2d at 514-15. The court stated:

> "The sexual harassment aspect of this case is merely incidental to what are otherwise ordinary common law tort claims. The plaintiff here has alleged facts sufficient to establish the elements of assault, battery and false imprisonment. These are long-recognized tort actions which exist wholly separate and apart from a cause of action for sexual harassment under the Act. To the extent that the plaintiff has alleged the elements of each of these torts without reference to legal duties created by the Act, she has established a basis for imposing liability on the defendants independent of the Act. Therefore, the plaintiff's tort claims are not inextricably linked to a civil rights violation and the circuit court may exercise jurisdiction over these tort claims." *Maksimovic*, 177 Ill. 2d at 517.

Furthermore, said the court, there was no express indication that the legislature intended the Act to abrogate claims of assault, battery, and false imprisonment where such claims were factually related to sexual harassment. *Maksimovic*, 177 Ill. 2d at 518.

■ In view of *Maksimovic*, we find that the Act does not preempt the instant lawsuit. First, the statute contains no indication that the legislature intended it to abrogate either cause of action at issue here. Second, plaintiffs' intentional infliction of emotional distress claims were not inextricably linked to a claim of sexual harassment. As we have already discussed, plaintiffs alleged sufficient facts to support their intentional infliction of emotional distress claims. Several cases have already held that, since the elements of intentional infliction of emotional distress " 'are quite different from those necessary to establish a "civil rights violation" under the Act,' " the Act does not preempt such a cause of action. *Pavilon v. Kaferly*, 204 Ill. App. 3d 235, 244 (1990), quoting *Ritzheimer v. Insurance Counselors, Inc.*, 173 Ill. App. 3d 953, 964 (1988); accord *Sutton v. Overcash*, 251 Ill. App. 3d 737, 756 (1993). We find the reasoning of those cases persuasive, especially in light of *Maksimovic*.

Third, a claim of intrusion upon seclusion is not inextricably linked to a civil rights violation. To state a claim for unreasonable intrusion upon seclusion, a plaintiff must plead facts that, if proved, show (a) that the defendant intruded or pried into the plaintiff's seclusion without authorization, (b) that the intrusion would have been offensive or objectionable to a reasonable person, (c) that the matter upon which the intrusion occurred was private, and (d) that the intrusion caused anguish and suffering. *Melvin*, 141 Ill. App. 3d at 789. As *Maksimovic* teaches, if a plaintiff can allege the elements of a tort "without reference to legal duties created by the Act," then the tort is not inextricably linked to a civil rights violation. *Maksimovic*, 177 Ill. 2d at 517. We find that plaintiffs adequately alleged the elements of unreasonable intrusion upon seclusion. Accordingly, since intrusion upon seclusion requires proof of more than is necessary to state a claim under the Act, the Act cannot preempt such a cause of action.

Plaintiffs' allegations went beyond claims of sexual harassment as defined by the Act. Accordingly, we hold that the torts of unreasonable intrusion upon seclusion and of intentional infliction of emotional distress are not inextricably linked to civil rights violations.

## V.

## MOTION TO STRIKE PLAINTIFFS' SECOND COMPLAINT

The material in this section is nonpublishable under Supreme Court Rule 23 (166 Ill. 2d R. 23).

## VI.

## WORKERS' COMPENSATION ACT

The material in this section is nonpublishable under Supreme Court Rule 23 (166 Ill. 2d R. 23).

## VII.

## *RES JUDICATA* AND CLAIMS AGAINST EMPLOYEE-DEFENDANTS

The material in this section is nonpublishable under Supreme Court Rule 23 (166 Ill. 2d R. 23).

## VIII.

## PROOF OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The material in this section is nonpublishable under Supreme Court Rule 23 (166 Ill. 2d R. 23).

## IX.

## SANCTIONS AGAINST EMPLOYEE-DEFENDANTS

The material in this section is nonpublishable under Supreme Court Rule 23 (166 Ill. 2d R. 23).

For the foregoing reasons, the decisions and orders of the circuit court of Lake County are affirmed.

Affirmed.

McLAREN and RAPP, JJ., concur.