W. Scott Smith, Plaintiff-Appellant, · v. WGN, Inc., Boyer International Laboratories, Inc., and Schwimmer and Scott, Inc., Defendants-Appellees.

Gen. No. 48,918.

First District, Second Division.

February 19, 1964.

Schuyler, Stough & Morris, of Chicago (Edgar D. Ballard, Jr., of counsel), for appellant.

Philip R. Davis, of Chicago (Fleetwood McCoy, of counsel), for appellees.

MR. JUSTICE FRIEND delivered the opinion of the court:

W. Scott Smith, plaintiff, brought suit to recover damages for the invasion of his right of privacy by the defendants, WGN, Inc., Boyer International Laboratories, Inc. (Boyer), and Schwimmer and Scott, Inc. (Schwimmer). The evidence showed that from time to time during August, 1955, station WGN-TV televised motion pictures of plaintiff in connection with and as an integral part of an advertisement promoting the sale of H.A. Hair Arranger. Plaintiff alleges that the televising of these motion pictures was without

his consent. As a result, he claims that he suffered humiliation and mental anguish and that the use of his picture without his consent violated his right of privacy. The motion pictures were taken of plaintiff playing tennis. When shown on TV, there was a bottle of H.A. Hair Arranger on the screen, and in the background, plaintiff was shown serving a tennis ball and then running to the net, while off the screen, a commentator was describing the merits of H.A. Hair Arranger. Plaintiff sued WGN-TV because it televised the commercial, Boyer because it paid for the advertisement, and Schwimmer because it prepared the advertising matter. At the close of all of the evidence, the trial court sustained defendants' motion for a directed verdict, pursuant to which the jury found defendants not guilty, and judgment was entered accordingly. Plaintiff appeals.

It is plaintiff's position that the evidence presented on trial was sufficient to prove the material allegations of his complaint, i. e., that his right of privacy had been unlawfully invaded by defendants to his damage. He argues that the trial court committed reversible error in directing a verdict for defendants and that a new trial should be granted.

It is axiomatic that a motion for a directed verdict presents solely the question of whether there is any evidence in the record which, standing alone and taken with all its intendments most favorable to the party resisting the motion, tends to prove the material elements of his case. However, where an affirmative defense is established by uncontroverted evidence, it is the duty of the trial court to direct a verdict for the defendants. In the case at bar, defendants contend that an affirmative defense has been established by uncontroverted evidence.

The defendants' motion for a directed verdict is based on plaintiff's consent to the televising of his

action pictures in the context of advertising a hair arranger. On recross examination by defendants' attorney, plaintiff stated: "Mr. Bennett asked me if I would pose for a man that takes a movie and I told him that I would." Although consent was given, the problem of construing the extent of this consent remains. As the trial judge pointed out: "he [plaintiff] didn't say that he consented to it [the movie] being taken for the purposes of use on T.V." The problem, then, is not simply one of consent or the lack of it; there has to be a fact determination of the scope of plaintiff's consent.

The court in Pavesich v. New England Life Ins. Co., 122 Ga Rep 190, 50 SE 68 (1905), in discussing the problem of the scope of one's consent or waiver, said (p 72):

> "The right of privacy, however, like every other right that rests in the individual, may be waived by him, . . . This waiver may be either express or implied, but the existence of the waiver carries with it the right to an invasion of privacy only to such an extent as may be legitimately necessary and proper in dealing with the matter which has brought about the waiver. *It may be waived for one purpose, and still asserted for another; . . .* it may be waived as to one individual, and retained as against all other persons. . . ." (Emphasis added.)

The scope of the consent, then, is a fact determination which has not been made in this case. Since this case must be remanded for trial, we pass to the problem of whether plaintiff is entitled to more than nominal damages if he shows that he did not consent to the use that was made of his pictures. The use of plaintiff's pictures for advertising purposes, if without his consent, constitutes an invasion of his

185

right of privacy and may entitle him to recover more than nominal damages. The early case of Pavesich, as well as the recent Illinois case of Eick v. Perk Dog Food Co., 347 Ill App 293, 106 NE2d 742 (1952), demonstrates the right to collect damages for anguish, distress, and humiliation. In the Eick case the court said (p 299):

> "Basically, recognition of the right to privacy means that the law will take cognizance of an injury, even though no right of property or contract may be involved and even though the damages resulting are exclusively those of mental anguish. A person may not make an unauthorized appropriation of the personality of another, especially of his name or likeness, without being liable to him for mental distress as well as the actual pecuniary damages which the appropriation causes. . . ."

Since there must be a fact determination of the scope of plaintiff's consent and since plaintiff can recover more than nominal damages if it is found that defendants' use of the pictures exceeded the scope of plaintiff's consent, the judgment of the Superior Court is reversed and the cause is remanded for a new trial.

Judgment reversed and cause remanded with directions.

BURKE, P. J. and BRYANT, J., concur.