OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by reversing so much thereof as affirmed dismissal of the first, third and fourth causes of action and reinstating those causes of action and, as so modified, should be affirmed, with costs to plaintiff. The question certified is answered in the negative.
As we recently held in Shields v Gross (58 NY2d 338, 347), “a defendant’s immunity from a claim for invasion of privacy is no broader than the consent executed to him.” Whether the limitation in the consent is as to time, form or forum, the use of a name, portrait or picture is without consent if it exceeds the limitation.
Nor is it material, as defendants argue, that the limitation was plaintiff’s unilateral act and was put on the consent form after the photographs were taken. Section 51 of the Civil Rights Law requires “the written consent” of such person and, absent facts, not here pleaded, upon which an estoppel could be grounded, the fact that the consent was signed after, rather than before, the photographic session, imposed no limitation upon the absolute right granted plaintiff by the statute to limit his consent in *791 any way he deemed proper or desirable. For a use beyond the granted consent he has an action under section 51 and is not limited to an action sounding in contract.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
Order modified in accordance with the memorandum herein and, as so modified, affirmed, with costs to plaintiff. Question certified answered in the negative.