IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 5, 2000 Session

# DAVID ROBERTS v. ESSEX MICROTEL ASSOCIATES, II, L.P. d/b/a MICROTEL-KINGSPORT, ET AL.

### Appeal from the Circuit Court for Sullivan County
### No. C-32311      Richard E. Ladd, Chancellor

### FILED NOVEMBER 27, 2000

### No. E2000-COA-R3-CV

---

CHARLES D. SUSANO, JR., J., concurring in part and dissenting in part.

I agree with the majority that the facts before us -- even when viewed most favorably to the plaintiff -- do not make out a cause of action for the tort of false imprisonment. I cannot agree, however, with the majority's conclusion that the facts favorable to the plaintiff do not make out a case of invasion of privacy.

I believe the desk clerk's communication to the police of data from the plaintiff's driver's license, particularly -- as it turned out[1] -- his date of birth, constituted an unlawful invasion of his privacy in violation of Restatement (Second) of Torts § 652B (1977). Judge Swiney relies upon comment c to § 652B which states that "there is no liability for the examination of a public record concerning the plaintiff, or of documents that the plaintiff is required to keep and make available for public inspection." *Id*. While I recognize that a citizen is required under appropriate circumstances to exhibit his driver's license to certain public officers or officials, this does not mean that he is "required to keep and make [it] available" to a private individual. I also recognize that individuals often make their driver's licenses available to private individuals for identification purposes, such as when cashing a check; but this does not mean that they are "required" to do so. I find no support for the majority's opinion in comment c to § 652B.

The majority also relies upon the fact that the plaintiff "willingly" provided his driver's license to the desk clerk. The better-reasoned cases addressing this aspect of a § 652B claim indicate that the fact the plaintiff gave the desk clerk his driver's license is not a defense to the plaintiff's

---

[1] The date of birth information was critical in the decision of the Kingsport police to come to the motel. This is because of the absolutely-improbable coincidence that the "David Roberts" wanted in Florida has the same date of birth as the plaintiff.

cause of action. "The right of privacy may be waived…for one purpose and still be asserted for another." 62A Am. Jur. 2d Privacy, § 183 (citing *Donahue v. Warner Bros. Pictures, Inc.,* 194 F.2d 6, 13 (10th Cir. 1952) ("The right may be waived completely or only in part. It may be waived for one purpose, and still be asserted for another. But the existence of the waiver carries with it the right to invade the right of privacy of the individual only to the extent legitimately necessary and proper in dealing with the matter which gave rise to the waiver."); *Pavesich v. New England Life Ins. Co*., 50 S.E. 68, 72 (Ga. 1905) ("[T]he existence of the waiver carries with it the right to an invasion of privacy only to such an extent as may be legitimately necessary and proper in dealing with the matter which has brought about the waiver. It may be waived for one purpose, and still asserted for another; it may be waived in behalf of one class, and retained as against another class; it may be waived as to one individual, and retained as against all other persons."); *Smith v. WGN, Inc*. 197 N.E.2d 482 (Ill. App. Ct. 1964) (quoting *Pavesich* and then holding that "[t]he scope of the consent, then is a fact determination which has not been made in this case.")). "Consent may be asserted as a defense only where it has not been exceeded; consent which has been exceeded is not a defense." 62A Am. Jur. Privacy, § 219 (citing *Continental Optical Co. v. Reed*, 86 N.E.2d 306, 309 (Ind. Ct. App. 1949) ("In any event a waiver of the right justifies an invasion of privacy only to the extent warranted by the circumstances which brought about the waiver."); *Faber v. Condecor, Inc*., 477 A.2d 1289, 1294 (N.J. Super. Ct. App. Div. 1984) ("If the actual invasion goes beyond the contract,…there is liability."); *Dzurenko v. Jordache, Inc*., 451 N.E.2d 477, 478 (N.Y. 1983) ("[A] defendant's immunity from a claim for invasion of privacy is no broader than the consent executed to him.")).

As further support for its decision, the majority opinion relies upon the unreported opinion of this Court in the case of *Mays v. Fred's, Inc*., C/A No. W1999-02189-COA-R3-CV, 2000 WL 53082 (Tenn. Ct. App. W.S., filed January 10, 2000). I do not find the *Mays* decision controlling. While both *Mays* and the instant case involve a communication of information to the police, those decisions are very different when viewed in the context of the *source* of the information communicated. In the instant case, the desk clerk communicated information from a document that was given to the clerk by the plaintiff for a limited purpose. In *Mays*, the store manager contacted the police because of observations made by an employee of the defendant store. The crux of the unlawful conduct in the instant case -- the invasion of privacy -- is not the communication to the police *per se*; rather, it is the information that was submitted to the police and, more importantly, the manner in which and the circumstances under which that information was obtained by the desk clerk.

In the instant case, the desk clerk communicated the plaintiff's date of birth to the police, a communication that ultimately and inexorably led to a series of events that culminated in the plaintiff being taken into custody. The clerk got this information from the plaintiff's driver's license, a document that was handed to her for a limited purpose. He gave his license to the clerk as identification *to her and only in connection with his stay at the motel*. By doing so, he did not authorize her, expressly or by implication, to communicate any information on that license, including his date of birth, to anyone outside the management of the motel. When she did so, I believe she ran afoul of the prescription of § 652B.

Finally, I believe it goes without saying that a reasonable person would be offended if a hotel clerk, totally without cause or justification, phoned the police and gave them information about that person, information that had been copied from a driver's license given to the clerk for a limited purpose.

A traveler seeks lodging with an eye towards a good night's rest. To accomplish this, he or she secures a motel room, hoping to sleep in a comfortable bed with clean sheets. At a minimum, the traveler seeks a safe, clean, bug-free environment. One does not pay for a motel room so -- at the behest of the motel's clerk -- the traveler can be visited by members of the local constabulary, handcuffed, paraded down the hall and out the lobby of this place of supposed peace and rest, and driven to the local police station for questioning. If the plaintiff is to be believed -- and he must be believed at this juncture of the proceedings -- the defendant's clerk had *absolutely* no basis for placing a call to the 911 operator, a call that set in motion a series of events that turned the plaintiff's quiet evening into a nightmarish experience. I am personally outraged by what I find to be an invasion of the plaintiff's common law right of privacy.

Accordingly, I concur in part and dissent in part. I would remand for a trial on the issue of the alleged violation of the plaintiff's right of privacy.

_____
CHARLES D. SUSANO, JR., JUDGE